IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FERNANDO MAISONET, :
:
    Petitioner, : Civil Action No. 4:10-CV-01423
:
v. : (Judge McClure)
:
JEROME WALSH, et al, : (Magistrate Judge Carlson)
:
    Respondents. :

**MEMORANDUM**

October 27, 2010

**I. BACKGROUND**

On July 9, 2010, Fernando Maisonet, an inmate currently incarcerated at the State Correctional Institution at Dallas ("SCI-Dallas"), an institution located in the Middle District of Pennsylvania, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Rec. Doc. No. 1). Respondents are Warden Jerome Walsh, the Attorney General for the Commonwealth of Pennsylvania, and the Dauphin County District Attorney's Office. Id. Maisonet's petition arises out of his plea, entered into on January 13, 1995, in which Maisonet pled guilty to charges of murder, robbery, and conspiracy. Id. at 4. On this guilty plea, Maisonet received a life sentence. Id.

In his petition, Maisonet claims that his Sixth Amendment right to the

effective assistance of counsel and his Fourteenth Amendment right to due process of law were violated at the time he entered into his guilty plea. Id. at 8. The instant case initially was referred to United States Magistrate Judge Martin C. Carlson.[1]

## II. PROCEDURAL HISTORY

### A. The State Prosecution

In his report and recommendation, Magistrate Judge Carlson referenced the procedural history of the state prosecution in this case:

> The story of Fernando Maisonet's crime begins on October 25, 1993, with the filing of a criminal complaint against Maisonet in the Court of Common Pleas of Dauphin County. (Doc. 10-2, Ex. B.) Following pretrial proceedings, on January 13, 1995, on the eve of trial, Maisonet pleaded guilty to murder, robbery and conspiracy charges (Doc. 1, ¶¶ 2-5.) Maisonet was sentenced to life imprisonment on this guilty plea. (Id.)
>
> Maisonet did not pursue a timely direct appeal of this conviction and sentence in 1995. Instead, it appears that sometime in 2001, six years after his conviction, Maisonet sought to have his appellate rights reinstated *nunc pro tunc*. (Doc. 10-2, Ex. A and B.) This request was granted by the Pennsylvania courts. (Id.) With his appellate rights reinstated, Maisonet belatedly pursued a direct appeal of the guilty

---

[1] The court notes that, upon a review of the docket, it appears as though Maisonet was not provided with a Notice of Election form pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). However, this failure is moot. In light of the discussion below, we conclude that Maisonet's instant petition is time barred, and any subsequent petition filed by Maisonet would be equally time-barred.

plea conviction and sentence, which concluded on December 2, 2003, when the Superior Court affirmed his conviction and sentence. (Doc. 10-2, Ex A.)

Maisonet then took no further action in this case for more than four years, until March 2008, when he filed a belated PCRA petition with the Court of Common Pleas. (Id., Ex. A.) Before the state courts Maisonet attempted to justify this four-and-one-half year delay by blaming the failure to timely litigate this matter on his former counsel, an attorney who had died in August, 2005. (Id., Ex. A.) Rejecting this argument, the state trial court denied this petition as time-barred under the state statute of limitations for such petitions. Maisonet then appealed this ruling to the Pennsylvania Superior Court, which entered an opinion and order affirming the denial of this PCRA petition on statute of limitations grounds on December 24, 2009. (Id., Ex. A.)

In affirming the dismissal of Maisonet's belated PCRA petition, the Superior Court considered, and rejected, Maisonet's assertion that the four year delay in litigating this matter should be excused due to the August 2005 death of his PCRA counsel. (Id.) Noting that Maisonet had an obligation to exercise due diligence in asserting his rights, the Superior Court held that Maisonet's failure to inquire into th[e] status of his case for more than three years did not demonstrate the type of due diligence necessary to excuse a tardy post-conviction petition. (Id.) Maisonet appealed this decision to the Pennsylvania Supreme Court, which denied his petition for allowance of appeal on June 8, 2010. (Id., Ex B, p. 10.) Maisonet then filed this federal habeas petition on July 9, 2010. (Doc. 1.)

(Rec. Doc. No. 16 at 2-4).

## B. The Instant § 2254 Action

On August 17, 2010, Magistrate Judge Carlson issued a nineteen (19) page report and recommendation in which he recommended that the petition be denied

3

as time-barred and that a certificate of appealability should not issue. (Rec. Doc. No. 12).

On August 30, 2010, Maisonet filed his objections to the magistrate judge's report and recommendation. (Rec. Doc. No. 13). In these objections, Maisonet objected to the magistrate judge issuing his report and recommendation without having before him Maisonet's "Memorandum of Law in Support of Habeas Corpus Petition Pursuant to Middle District Local Rule 83.32.2(C) and Response to Respondent's Partial Answer," with attached affidavits. Id. Maisonet's "Memorandum of Law in Support of Habeas Corpus Petition Pursuant to Middle District Local Rule 83.32.2(C) and Response to Respondent's Partial Answer" was filed on August 31, 2010. (Rec. Doc. No. 14).

In light of Maisonet's pro se status, this court remanded the matter to the magistrate judge for review and consideration of Maisonet's memorandum of law filed on August 31, 2010. (Rec. Doc. No. 15).

After additional review, the magistrate judge issued a second report and recommendation on September 21, 2010. (Rec. Doc. No. 16). With this report and recommendation, the magistrate judge recommended denial of Maisonet's petition for three reasons. First, the magistrate judge concluded that denial was appropriate, as the petition is time-barred by the applicable statute of limitations.

4

Id. at 12-21. Second, the magistrate judge concluded that Maisonet did not fully exhaust, in the state courts, the claims he currently raises here. Id. at 21-23. Finally, in light of Maisonet's failure to exhaust these claims and his "dilatory approach to this case," the magistrate judge concluded that Maisonet's claims are now procedurally barred. Id. at 23-30.

On October 5, 2010, Maisonet filed objections to the magistrate judge's most recent report and recommendation. (Rec. Doc. No. 17). In this filing, Maisonet contends that (1) he did in fact pursue a timely appeal after his conviction and sentence in 1995 because he filed a writ of coram nobis on June 18, 1996;[2] (2) he properly placed his mental competence at issue at the time he pled guilty to the underlying offense; (3) Magistrate Judge Carlson did not have all of the necessary materials from the state courts before him to make a proper determination of the issues; and (4) he properly advanced a claim of actual innocence before the Superior Court of Pennsylvania. Id. Maisonet also claims that the magistrate judge committed clear error by applying his "own independent assessment on sufficiency of the evidence grounds and not Petitioner's constitutional claims of actual innocence permitting federal courts equitable powers involving claims of

---

[2] Maisonet argues that "the state appellate courts concluded [the writ] should have been treated as Petitioner's first PCRA petition." Id. at 2.

actual innocence." Id.[3]

## III. DISCUSSION

According to 28 U.S.C § 2244, in relevant part:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). After an exhaustive review of those rules controlling the calculation of the above limitations period (Rec. Doc. No. 16 at 7-

---

[3] Finally, Maisonet claims that his action should be liberally construed and that he need not "'hound' or 'Badger' his attorney because of the material facts the Pennsylvania courts sometime take inordinate amounts of time to decide cases." Id.

6

12), the magistrate judge concluded that Maisonet's claims are time-barred. None of Maisonet's objections to the magistrate judge's conclusion that the petition is time-barred are persuasive. The record is replete with examples of dilatory behavior on the part of Maisonet. Although Maisonet was convicted in January, 1995, he only directly appealed his conviction and sentence in 2001, when he had his appellate rights restored nunc pro tunc. After the Pennsylvania Superior Court affirmed Maisonet's direct appeal in December of 2003, he waited to file a PCRA petition until March of 2008. Although Maisonet seeks to explain his failure to file a timely PCRA petition on the passing of his PCRA counsel, the state courts found this petition to be time-barred. We agree with the magistrate judge in concluding that Maisonet has filed the instant federal habeas petition under § 2254 in an untimely manner and that such a petition is barred by the one-year statute of limitations found in the AEDPA. Id. at 13-17. Similarly, Maisonet's objections do not sufficiently address the magistrate judge's proper conclusion (1) that the issue of Maisonet's competence was not adequately presented before the state courts, or (2) that Maisonet has failed to show "actual innocence" that would excuse the procedural defaults in the instant case. Id. at 27-28.

Quite simply, we agree with the conclusions of the magistrate judge for the reasons set forth in his thorough and well-reasoned thirty-two page report and

recommendation. Clearly, Maisonet's petition is time-barred, and he cannot show that he "'exercised reasonable diligence in investigating and bringing [the] claims.'" Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)). He also has failed to fully exhaust in the state courts the claims found in his § 2254 petition, and these claims are now barred in light of Maisonet's failure to exercise reasonable diligence in bringing his claims. As such, will adopt in full the magistrate judge's report and recommendation and deny Maisonet's § 2254 petition. In addition, we agree with the magistrate judge that a certificate of appealability should not issue.

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FERNANDO MAISONET, :
: Civil Action No. 4:10-CV-01423
Petitioner, :
:
v. : (Judge McClure)
:
JEROME WALSH, et al, : (Magistrate Judge Carlson)
:
Respondents. :

**ORDER**

October 27, 2010

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Maisonet's objections to United States Magistrate Judge Martin Carlson's Report and Recommendation are **OVERRULED**. (Rec. Doc. No. 17).

2. Magistrate Judge Carlson's Report and Recommendation is **ADOPTED IN FULL**. (Rec. Doc. No. 16).

3. The petition for a writ of habeas corpus is **DENIED**. (Rec. Doc. No. 1).

4. The clerk is directed to close the file.

5. There is no basis for the issuance of a certificate of appealability.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge